OWEN COGAN, RESPONDENT, *v.* THE MAYOR, ETC., OF THE CITY OF NEW YORK, APPELLANT.

*Public work — power of supervisors to authorize and audit claim for.*

APPEAL from a judgment in favor of the plaintiff, entered on a verdict directed by the court.

This action was brought to recover the value of work performed and materials furnished in repairing a public building. The answer alleged: 1st. That the board of supervisors had not authorized the work. 2d. That it had no power to authorize it. 3d. The want of an appropriation. 4th. That the services were not worth the sum demanded.

The building on which the repairs were made by plaintiff was the property of the county, and used for the purposes of the courts. The judges of the Marine Court made application to the board of supervisors to have the repairs made, and their application was referred to the committee on civil courts of that board, one of the members of which committee directed the work to be done; and when it was

completed, the plaintiff presented his bill for audit to the board of supervisors, by which it was referred to the committee of civil courts, and on their report of its correctness, the board audited the bill by a resolution which directed its payment out of the proper appropriation.

The General Term *held*, that in the absence of any proof to the contrary, there was enough to raise a fair inference that the committee were duly authorized by the board to have the work done, and gave directions accordingly through one of their members, and that this would seem to be a sufficient sanction of the employment, in the absence of any other proof, to give the claim the character of legality, so that the board of supervisors would have jurisdiction to pass upon and audit it.

That as the supervisors, by resolution, directed the bill to be paid out of the proper appropriation, and as no evidence was given by the defense that there was not an appropriation expressly devoted to such audits, the action of the board would indicate that there was, and that there was sufficient money therein to meet the bill. The defendant might have shown the facts to be otherwise if they really were so ; but as it chose to leave the case where the legal presumptions were all against it, the judgment should be affirmed.

*E. Delafield Smith*, for appellant.    *T. C. Cronin*, for respondent.

Opinion by DAVIS, P. J.

DANIELS and BRADY, JJ., concurred.

Judgment affirmed.